**Philip N. McABEE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Misc. No. 1114.**

United States Court of Appeals District of Columbia Circuit.

Nov. 13, 1958.

Petition for Rehearing In Banc Denied Jan. 15, 1959.

Mr. Philip N. McAbee, pro se.

Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher and Charles W. Halleck, Asst. U. S. Attys., Washington, D. C., for appellee.

Before PRETTYMAN, Chief Judge, and BAZELON and BASTIAN, Circuit Judges, in Chambers.

PER CURIAM.

Order

Upon consideration of petitioner's motion for leave to prosecute an appeal in forma pauperis, of respondent's opposition, and of petitioner's reply, it is

Ordered by the court that the aforesaid motion is denied.

BAZELON, Circuit Judge (dissenting).

This is an application for leave to appeal in forma pauperis from the District

Court's denial of petitioner's pro se motion under § 2255, 28 U.S.C., to vacate his sentence for housebreaking and larceny convictions. Petitioner has not been represented by counsel since the day he was sentenced. His convictions have not been reviewed by this court on direct appeal and the present motion to vacate, as well as three earlier post-conviction motions, were denied without hearing by the District Court.

The instant application does not expressly raise the question whether petitioner is entitled to review by way of direct appeal from his convictions. But from examining the files and records in this case for the purpose of considering the presnt application, it appears that petitioner sufficiently indicated his intention to appeal his conviction to give this court jurisdiction. Williams v. United States, 1951, 88 U.S.App.D.C. 212, 188 F.2d 41. Hence before acting on the present application, I would appoint counsel for petitioner to file a memorandum on the question whether petitioner may be said to have abandoned that appeal or whether there is excusable neglect for petitioner's failure to pursue the appeal in this court from his convictions; and I would provide counsel with a transcript of the trial proceedings so that we may be advised whether there are any questions for which a direct appeal in forma pauperis may be allowed. Belton v. United States, 104 U.S.App. D.C. ——, 259 F.2d 811; Blunt v. United States, 1957, 100 U.S.App.D.C. 266, 244 F.2d 355.

That petitioner indicated his unequivocal intention to appeal, sufficient to vest this court with jurisdiction, appears from the following. Sentence was imposed in open court on April 13, 1956. The judgment of conviction and the commitment were filed on April 19, 1956. The day before, on April 18, 1956, petitioner had written to the Clerk of the District Court, in pertinent part, as follows:

"  *   *   *  It is my intention to appeal said conviction in the U. S. Court of Appeals. I am without said funds to hire a lawyer so I would appreciate if you would forward to me the necessary papers so I may file a paupers oath so I may obtain counsel in my case.

"If this letter should have to go to the Clerk of the U. S. Court of Appeals I would appreciate your forwarding this letter to him."

The tenth day following the filing of the judgment of conviction fell on Sunday, April 29. Hence the last day for noting an appeal was automatically extended to Monday, April 30. On that day petitioner filled out a form of affidavit of poverty, furnished by the Clerk of the District Court, and requested leave to appeal. The affidavit was notarized on that date at the District of Columbia jail. By letter of May 9, 1956, the Clerk of the District Court advised petitioner as follows:

"There is enclosed herewith a certified copy of a Memorandum signed by Judge Alexander Holtzoff denying your affidavit in support of application for leave to proceed on appeal without prepayment of costs. Your Notice of Appeal is returned herewith."

That petitioner did not abandon his intention to appeal appears from the following. He sent to the Clerk of the District Court motion papers, to obtain a transcript at Government expense, which were notarized June 5, 1956, and received on June 12. This was denied on June 19 and petitioner was advised by letter the following day. Further actions of petitioner included:

(1) Motion to vacate sentence, alleging violation of Rules 5 and 41, Fed.R. Crim.P. 18 U.S.C. Filed June 28, 1956. Denied July 23, 1956, without notation.

(2) Petition for leave to appeal denial of § 2255 motion in forma pauperis. Denied August 22, 1956, with notation that appeal was not taken in good faith and "utterly lacking in substance."

(3) Motion to vacate sentence under 28 U.S.C. § 2255. Filed June 6, 1957. Denied June 11, 1957, as a second succes-

sive motion for similar relief. Following this last denial, petitioner sought leave of this court to appeal in forma pauperis (Misc. 888). We denied that application on October 31, 1957, and petitioner petitioned the Supreme Court for certiorari which was denied on March 3, 1958. 355 U.S. 964, 78 S.Ct. 554, 2 L. Ed.2d 539. The present action was instituted by petitioner on June 9, 1958, and relief was denied by the District Court on June 16. Thereafter petitioner filed the instant application for leave to appeal in forma pauperis.