## MILLER v. UNITED STATES.
### No. 10522.

Circuit Court of Appeals, Fifth Circuit.

March 25, 1943.

Wm. Roy Miller, in pro. per. for appellant.

William R. Eckhardt, III., Asst. U. S. Atty., of Houston, Tex., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

William Roy Miller and Robert W. Cole were tried and convicted on six counts of an indictment which charged them with violations of 18 U.S.C.A. § 347. Sentence was entered by the court on March 14, 1939. An appeal to this court was dismissed because "not taken within five days after the judgment of conviction and was too late to have any effect. Rule 3, Criminal Appeals Rules [18 U.S.C.A. following section 688]." Miller v. United States, 5 Cir., 104 F.2d 343, certiorari denied 308 U.S. 549, 60 S.Ct. 87, 84 L.Ed. 462. Miller then filed in this court a petition for writ of certiorari to the District Court, and on December 5, 1941, the petition was denied. Cause No. 10152 on our docket. His petition for writ of certiorari was denied by the Supreme Court on February 2, 1942, 315 U.S. 799, 62 S.Ct. 626, 86 L. Ed. 1200.

On July 11, 1942, Miller filed in the District Court a motion styled "Extraordinary Motion to Set Aside Judgment and Sentence and Grant a New Trial", in which he alleged that he had been deprived of a fair and impartial trial and an appeal, and that as a consequence the judgment and sentence of the court was "void to such an extent as to entitle plaintiff to a new trial, Rule II of the Rules of Practice and Procedure in Criminal Cases notwithstanding." This motion was denied by the District Court on November 6, 1942. Miller is now attempting to appeal from and reverse the order which overruled his motion for a new trial.

Certain it is that the District Court had no jurisdiction to hear and de-

486

cide a motion for a new trial except as provided by Rule 2 of the Rules of Criminal Procedure which provide that motions for new trial must be made within three days after verdict or finding of guilt. Miller's motion was filed on July 11, 1942, more than three years after entry of judgment of conviction, and was much too late. Flowers v. United States, 86 F.2d 79.

Miller now insists that the record on his former appeal did not reveal the real facts regarding the taking of the appeal, and out of an abundance of caution we have carefully examined not only the record on this appeal but also the record on the former appeal which was dismissed because it affirmatively appeared that appeal was not taken in time. We find nothing of sufficient merit in either record to require or authorize further proceedings relative to Miller's trial and conviction, or the sentence which appears to be neither void nor voidable.

Affirmed.