## REMINE v. UNITED STATES.
### No. 10384.

Circuit Court of Appeals, Sixth Circuit.

May 26, 1947.

Writ of Certiorari Denied June 23, 1947.

See 67 S.Ct. 1759

No appearance for appellant.

Ferdinand Powell, Jr., of Knoxville, Tenn. (J. B. Frazier, Jr., of Knoxville, Tenn., on the brief), for appellee.

Before HICKS, SIMONS and MARTIN, Circuit Judges.

PER CURIAM.

The motion of the United States to dismiss this convict's appeal in forma pauperis is denied. In the circumstances, the timeliness prescribed by the Rules of Criminal Procedure, rule 37, 18 U.S.C.A. following section 687, could not reasonably be required of the appellant, confined in a penitentiary of the United States some 2600 miles away from the district court in which he was convicted and sentenced.

The respective motions of appellant for the correction of the judgment and sentence imposed upon him and to vacate the judgment and sentence imposed on the fourth count of the indictment were denied by the district court.

The appellant was convicted by a jury on all four counts of an indictment, charging: (1) conspiracy to commit the offense created by Section 588b, Title 12 U.S.C.A.; (2) robbing a bank as defined in Section 588a, by putting in fear a specified person; (3) by putting in jeopardy the life of the same named individual by use of a deadly weapon; and (4) by assaulting that individual.

The district court imposed a sentence of two years on the first, or conspiracy count; and sentences of twenty years each on counts two and three, and twenty-five years on count four of the indictment, all to commence at the expiration of the sentence on the first count and to run concurrently. The sentences on all four counts were imposed simultaneously.

The complaint of appellant is that, before sentence on the fourth count for the longest term imposed, the judicial power had been exhausted in sentencing for shorter terms on the second and third counts; and that, therefore, the sentence on the fourth count is void.

Concededly, the crime charged in the second, third and fourth counts of the indictment constitute a single offense. See Coy v. United States, 6 Cir., 156 F.2d 293. But where, as here, punishment on each count was imposed simultaneously; the total punishment was not in excess of the permissible limit on one of the counts; and it is evident that the intention of the sentencing judge was that the prisoner should serve the full limit permissible by the statute, the prisoner obviously has not been prejudiced by the technical error committed by the district court. Cf. Holiday v. United States, 8 Cir., 130 F.2d 988; Holbrook v. United States, 8 Cir., 136 F.2d 649.

The invalid lighter sentences on counts two and three ought to be expunged, however, because merged into the longer twenty-five-year sentence imposed under count four; and we so direct. See O'Keith v. United States, 5 Cir., 158 F.2d 591. With this correction, the judgment of the district court is affirmed.