**MARION v. UNITED STATES.**

No. 11837.

United States Court of Appeals
Ninth Circuit.

Dec. 20, 1948.

Rehearing Denied Jan. 28, 1949.

See also 164 F.2d 158.

Martin L. Marion, in pro. per., and A. J. Zirpoli, of San Francisco, Cal., for appellant.

Miles N. Pike, U.S. Atty. and Bruce R. Thompson and Wm. J. Kane, Asst. U.S. Atty., all of Reno, Nev., for appellee.

Before DENMAN, Chief Judge, ORR, Circuit Judge, and BLACK, District Judge.

ORR, Circuit Judge.

Appellant was convicted of the crime of violating the provisions of the National Motor Vehicle Theft Act. 18 U.S.C.A. § 408 [now §§ 2311–2313].

At the trial and at the time of the pronouncement of judgment he was represented by counsel of his own choosing.

The verdict was returned on the 14th day of June, 1947. Judgment was pronounced on the 19th day of June, 1947.

On July 23, 1947 appellant filed a motion for new trial and arrest of judgment. A number of grounds were set out in the motion; newly discovered evidence was not one of them. Some five weeks elapsed between the rendition of the verdict and the filing of the motion. Rule 33 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., requires that the motion for new trial based on grounds other than that of newly discovered evidence shall be made within five days after verdict, or within such further time as the court may fix during the five day period. The court did not nor was it requested to, fix a further time. The filing of the

motion was much too late on grounds other than newly discovered evidence and, as pointed out, that ground was not included in the motion. The motion having been filed too late the court was without jurisdiction to entertain it.

■ No order was ever made by the trial court enlarging the time to file the motion for new trial before the expiration of the five days after verdict or at any other time. It may be argued that the action of the trial court in entertaining and passing upon the motion for new trial on the 8th day of January, 1948, was in effect an order enlarging the time. If so, such an order was without force or effect because of the prohibition contained in Rule 45(b).

■ We think the requirement as to the time contained in Rules 33 and 34 in which a motion can be made is jurisdictional. In the case of Miller v. United States, 5 Cir., 134 F.2d 485, it was held that under Rule II of the criminal appeals rules of 1933, 292 U.S. 661, that a district court was without jurisdiction to hear a motion filed after the expiration of the time limit. Rules 33 and 34 merely enlarge the time limit allowed under former Rule II. This is the view expressed by the advisory committee on the Federal Rules of Criminal Procedure. The appeal in this case was not attempted to be taken until seven months after the entry of the verdict. Rule 37(a) (2) of the Federal Rules of Criminal Procedure places a time limit of ten days in which an appeal may be taken from a judgment or order unless a motion for a new trial or in arrest of judgment is made in the meantime. The motion for a new trial and arrest of judgment attempted to be made in this case was without force and effect; hence, no such motion was made as would toll the running of the ten day period. Failure to take an appeal within the time fixed by Rule 37(a) (2) is a jurisdictional defect, and having been taken too late we are without authority to entertain it. Swihart v. United States, 10 Cir., 169 F.2d 808; United States v. Froehlich, 2 Cir., 166 F. 2d 84; United States v. Bloom, 2 Cir., 164 F.2d 556.

Appellant requested the trial court to appoint counsel to represent him in the presentation of the motion for new trial and arrest of judgment and presented the names of three attorneys, one of whom he desired appointed. The court appointed the attorney who represented appellant at the trial. This attorney's name was not one of the three submitted. The appointed attorney appeared and argued the motion for new trial. It seems appellant has developed a strong feeling of antagonism against the attorney he employed to represent him at the trial and whom the court appointed to present the motion for new trial and arrest of judgment. Appellant complains that his feeling of distrust of and lack of confidence in the attorney whom the court appointed was such as to make it impossible for him to co-operate with the said attorney; hence, the close and confidential relationship which should exist between attorney and client was impossible; that as a result he was in effect denied the aid and assistance of counsel.

■ Appellant was not prejudiced by the action of the trial court. No counsel could have restored the jurisdiction of the court which had long since been lost at the time the request for the appointment was made. Of course, it may be said that there still remained the opportunity for the filing and presentation of a motion for new trial on the ground of newly discovered evidence; even so appellant was not prejudiced. In other papers filed by appellant such as a petition for a writ of mandamus, petition for a writ of habeas corpus ad testificandum and a subpoena duces tecum, the nature and extent of the so-called newly discovered evidence was set forth. It is of such a nature that no competent attorney would be so presumptuous as to seriously urge before a court that it constitutes newly discovered evidence.

This court appointed counsel to represent the appellant on oral argument of this appeal and that counsel carried out the assignment in a very creditable manner. We have taken occasion to examine the record with care notwithstanding the jurisdictional defect which appears. The evi-

dence in the case is strong and convincing and the trial accorded appellant was fair and impartial.

Judgment affirmed.