**WILLIAMS v. UNITED STATES.**

Misc. No. 265.

United States Court of Appeals
District of Columbia Circuit.

Decided Feb. 23, 1951.

Dallas O. Williams, pro se.

George Morris Fay, U. S. Atty., Joseph M. Howard, and Jerome Powell, Asst. U. S. Attys., all of Washington, D. C., for respondent.

Before EDGERTON, WILBUR K. MILLER, and PROCTOR, Circuit Judges.

PER CURIAM.

Petitioner was convicted in the District Court of assault with a dangerous weapon and carrying a deadly weapon. He was sentenced on March 24, 1950 to serve a term of imprisonment.

Under Rule 37(a) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., petitioner had 10 days in which to take an appeal. Although he was represented by counsel at his trial, petitioner himself, while confined in the District of Columbia jail, prepared a communication to the District Court indicating an intention to appeal from the conviction. This communication was subscribed and sworn to on March 30, 1950 before a notary public employed at the jail. In accordance with the customary procedure, it was turned over on the following day to a deputy United States marshal for delivery to the office of the clerk of the District Court. However, it was not received there until April 4, one day after the expiration of the time for filing a notice of appeal. It was presented to a judge of the District Court, who instructed the clerk to forward it to the clerk of this court, which he did. On July 12, 1950 the clerk of this court returned the communication to the clerk of the District Court with a letter stating that, unless a notice of appeal was submitted to the District Court within the time prescribed by the Federal Rules of Criminal Procedure, this court had no jurisdiction.

There ensued considerable correspondence between petitioner and the clerk of this court. Finally, on October 6, 1950 petitioner filed in this court a petition for leave to prosecute his appeal, stating he was "applying to appeal" his conviction. Respondent, regarding the petition as a request for leave to proceed on appeal without prepayment of costs, moved to dismiss, as it did not appear that the District Court had been given an opportunity to certify whether the appeal was taken in good faith. The motion to dismiss is not well taken. The effect of petitioner's position is that he has not been given the opportunity to appeal, without regard to the question of costs. Apparently the required fee of five dollars for filing the notice of appeal did not accompany petitioner's communication.

After respondent's motion to dismiss was filed, petitioner filed two supplements to his petition in which he asks release on bond and that witnesses be permitted to testify.

 This case is not unlike Boykin v. Huff, 1941, 73 App.D.C. 378, 121 F.2d 865. It is clear that petitioner's communication of March 30, 1950 to the clerk of the District Court indicated an intention to appeal. Moreover the communication was prepared in time, and the petitioner did all he could do to have it delivered to the clerk of the District Court in time. The fact that it reached the office of the clerk a day late was not the petitioner's fault. Had the notice of appeal been delivered promptly it would have reached the clerk in advance of the expiration of the time for appeal and the clerk could have informed petitioner of the five dollar filing fee in time to have enabled him to pay it. In such a situation, therefore, the filing was not ineffective because appellant did not tender the filing fee. In the circumstances we think the communication should be treated as submitted in time. Wallace v. United States, 8 Cir., 1949, 174 F.2d 112, certiorari denied, 337 U.S. 947, 69 S.Ct. 1505, 93 L.Ed. 1749, rehearing denied, 338 U.S. 842, 70 S.Ct. 30. Cf. Remine v. United States, 6 Cir., 1947, 161 F.2d 1020; Oddo v. United States, 2 Cir., 1949, 171 F.2d 854.

Accordingly the petition to prosecute the appeal will be granted, the motion to dismiss will be denied, and the clerk of the District Court will be directed to file the communication of March 30, 1950 as a notice of appeal upon payment of the required filing fee, within 10 days hereof. Appellant will then be at liberty to proceed with the perfection and presentation of the record on the appeal.

 Petitioner's request for release on bail will be denied without prejudice to a renewal thereof on a showing that the appeal involves a substantial question which should be determined by this court. Petitioner's application to permit witnesses to testify will be denied.