James **TILLMAN, Jr.,** Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 17394.

United States Court of Appeals
Fifth Circuit.

June 30, 1959.

Albert J. Datz, Jacksonville, Fla., for appellant.

E. Coleman Madsen, Asst. U. S. Atty., Jacksonville, Fla., James L. Guilmartin, U. S. Atty., Jacksonville, Fla., for appellee.

Before RIVES and TUTTLE, Circuit Judges, and SIMPSON, District Judge.

RIVES, Circuit Judge.

The appellant, James Tillman, Jr., was tried on a two-count indictment for violation of Title 26 United States Code, §§ 4704(a) and 4705(a), that is, for unlawfully possessing 27 grains of heroin not in the original stamped package and for selling the same not pursuant to a written order on a form prescribed by the Secretary of Treasury. The appellant plead not guilty and the jury returned a verdict of guilty on the second count for illegally selling the narcotic. The trial court entered its judgment of conviction and sentenced appellant to imprisonment for five years.

This Court raised on its own motion the question of whether timely notice of appeal was filed under Rule 37 (a), Federal Rules of Criminal Procedure, 18 U.S.C., in order to confer jurisdiction upon this Court. The judgment of conviction was entered on June 27, 1958, and on that same day appellant's motion for judgment of acquittal and in the alternative for a new trial was denied. Appellant's petition for leave to appeal in forma pauperis was granted on that date, June 27, 1958, but his actual Notice of Appeal was not filed until July 29, 1958, which was not within the ten-day limitation required under Rule 37 (a). Appellant insists, and we agree, that the timely filing of the petition for leave to appeal in forma pauperis will satisfy the requirement for timely filing of a notice of appeal. While this Court has not expressly ruled on this question under the Rules of Criminal Procedure, it has been so held in another circuit, Blunt v. United States, 1957, 100 U.S.App.D.C. 266, 244 F.2d 355, 359; Kirksey v. United States, 1954, 94 U.S.App.D.C. 393, 219 F.2d 499, 500; cf. O'Neal v. United States, 5 Cir., 1959, 264 F.2d 809, and authorities collected in majority and dissenting opinions. And we have held a petition for leave to appeal in forma

pauperis to be substantial compliance with the notice of appeal requirements of Rule 73, Federal Rules of Civil Procedure, 28 U.S.C.A. Des Isles v. Evans, 5 Cir., 1955, 225 F.2d 235, 236; *accord,* Shannon v. United States, 1953, 93 U.S. App.D.C. 4, 206 F.2d 479, 482; Randolph v. Randolph, 1952, 91 U.S.App.D.C. 170, 198 F.2d 956, 957.

Throughout the trial appellant was represented by competent court-appointed counsel who also represented him on appeal pursuant to this Court's request.

The evidence upon which appellant was convicted consisted chiefly of the testimony of an informer, Charles E. Henderson, and of five other witnesses; namely, a chemist, the informer's employer, two police officers, and a federal narcotic agent. Henderson, who was an acquaintance of appellant, testified that in November and December, 1957, he met appellant on several occasions (after not having seen him for four years), and that at those times appellant offered to sell him a narcotic (either marijuana or heroin) for $25.00. Henderson, who was a pharmacy deliveryman working with the narcotic agents, agreed to purchase a package and the deal was finally consummated on January 31, 1957, when appellant placed a package containing heroin in a phone booth for Henderson to pick up. Henderson gave the package to his employer who in turn gave it to the narcotic officials. The contents of the package weighed 27 grains and a qualitative analysis revealed it to contain some heroin.

Two weeks after the alleged sale, hearing that the police wanted him, appellant surrendered himself to a police officer and was taken into custody. The appellant was questioned by City Detective Rand and removed to the main police station. Four days later, on January 20, 1958, Federal Narcotic Agent Rudd questioned appellant in two conversations. On the following day, a warrant was issued and appellant was arrested and was brought before a federal commissioner for a preliminary hearing.

Appellant, in testifying on his own behalf, categorically denied the illegal transaction and explained that the informer-Henderson's testimony was prompted by an old feud, resulting from a fight between the two in a pool hall some nine years before.

■ Agent Rudd testified as to the conversations he had with the appellant some six months prior to trial and used certain memoranda or notes to refresh his memory as to this immediately before the trial. A request by appellant's counsel for an inspection of these notes for cross-examination was refused. In Needelman v. United States, 5 Cir., 1958, 261 F.2d 802, a recent case involving practically the identical situation and with the same narcotic agent, we held that such inspection was not within the rule of Jencks v. United States, 1957, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, or the recent statute, 18 U.S.C. § 3500, but lay within the discretion of the trial judge under the rule of Goldman v. United States, 1942, 316 U.S. 129, 62 S.Ct. 993, 86 L.Ed. 1322.[1] However, upon peti-

---

1. In Needelman v. United States, 5 Cir., 1958, 261 F.2d 802, 806, we stated:

"Narcotic agent Rudd did not use his memoranda or notes to refresh his recollection while testifying, but admitted that he refreshed his recollection from them before testifying. Such memoranda or notes made contemporaneously by the witness for the purpose of refreshing his own recollection are not strictly within the rule of Jencks v. United States, 1957, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, or of the statute passed to meet that decision, 18 United States Code § 3500, which relates to formal written statements or reports made by the witness and signed or otherwise adopted or approved by him. Unlike such statements or reports, the mere memoranda or notes could not be directly introduced for impeachment purposes, but might be used as a basis for cross-examining the witness. The case of Goldman v. United States, 1942, 316 U. S. 129, 62 S.Ct. 993, 86 L.Ed. 1322, holding that it is discretionary with the trial court to require or not to require a witness to produce memoranda or notes from which he had refreshed his recollection before taking the stand, was not overruled by Jencks, supra."

tion for rehearing in the Needelman case, supra, we issued an order to await final disposition by the Supreme Court of one or more of several cases to which certiorari had been granted.[2] This opinion, not to be released until that decision, will toward its close make reference to the Supreme Court's ruling. Meanwhile, we will state our views on the other questions presented by appellant.

■ On the day appellant surrendered himself, he was questioned by City Detective Rand. Out of the jury's presence, the trial court ruled that the conversation between appellant and Rand was not admissible because it was not a free and voluntary statement. Six days thereafter, Rand introduced Agent Rudd to the appellant and part of the conversation between Rudd and appellant was admitted in evidence. It is contended that Rand led appellant to believe that any statements given would help him with his pending parole, and that, since Rand introduced Agent Rudd to appellant, the undue influence from such hope of reward had not been removed.

After carefully reading the evidence and the proceedings had regarding these conversations outside the jury's presence, we are convinced that appellant's statements made to Rudd, even if they could be considered admissions, were voluntarily made without any hope of reward.

■ Appellant contends that these same admissions made to Agent Rudd on January 20, 1958, were inadmissible because the preliminary hearing before the Commissioner on January 21, 1958, was not "without unnecessary delay" under Rule 5(a), Federal Rules of Criminal Procedure, as applied in Mallory v. United States, 1957, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479.

On January 20, 1958, the day of the conversation between the appellant and Rudd, the appellant was in city custody being held since January 14 under a state warrant. He was taken before the Commissioner on January 21, the same day the federal warrant was issued and the federal arrest made. Even if the six-day detention by state and city officials was unreasonable, we have often stated that the McNabb rule does not apply when, the accused is detained by state officers,[3] without any collaboration with the federal authorities. Furthermore, as we stated before, there is no indication that these statements were involuntarily or coercively given.

We do not find that the statements made to the jury in the prosecutor's closing argument were improper or prejudicial to the accused.

■ Appellant contends that the Government's case must fail because there was no proof, as raised at the trial, that the quantity of heroin sold by appellant exceeded one-eighth of a grain, as provided in the exemption section, 26 U.S.C. § 4702(a). This contention is without merit because the exemption from prosecution given under Section 4702(a) applies only to preparations and remedies sold, et cetera, as medicines.[4] See, Chin

---

2. Certiorari granted December 8, 1958, in the following: Lev v. United States, 358 U.S. 903, 79 S.Ct. 231, 3 L.Ed.2d 226; Wool v. United States, 358 U.S. 903, 79 S.Ct. 231, 3 L.Ed.2d 226; Rubin v. United States, 358 U.S. 903, 79 S.Ct. 231, 3 L.Ed.2d 226; Rosenberg v. United States, 358 U.S. 904, 79 S.Ct. 233, 3 L.Ed.2d 227; Ingram v. United States, 79 S.Ct. 234, 3 L.Ed.2d 227; Palermo v. United States, 358 U.S. 905, 79 S.Ct. 236, 3 L.Ed.2d 227.

Certiorari granted December 15, 1958, in Pittsburgh Plate Glass Co. v. United States, 358 U.S. 917, 79 S.Ct. 289, 3 L.Ed.2d 237.

3. Horne v. United States, 5 Cir., 1957, 246 F.2d 83, 85; Papworth v. United States, 5 Cir., 1958, 256 F.2d 125, 128; Brown v. United States, 5 Cir., 1955, 228 F.2d 286, 289.

4. Section 4702(a), 26 U.S.C., entitled *Exemptions*, provides in part:

"(a) *Preparations of limited narcotic content.*—The provisions of this subpart * * * shall not be construed to apply to the * * * sale * * * of preparations and remedies which do not contain more than * * * one-eighth of a grain of heroin * * *: *Provided,* That such remedies and prepara-

Gum v. United States, 1 Cir., 1945, 149 F.2d 575, 577.

Finding the other specifications of error without merit, we have withheld the disposition of this case until the Supreme Court decided one or more of the cases referred to in footnote 2, supra. Those cases, decided last Monday, June 22, 1959, leave unimpaired the continued validity of Goldman v. United States, 1942, 316 U.S. 129, 132, 62 S.Ct. 993, 86 L.Ed. 1322.

The judgment is therefore

Affirmed.

tions are \* \* \* sold \* \* \* as medicines and not for the purpose of evading the intentions and provisions of this subpart \* \* \*."