Winston M. **REYNOLDS**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 18590.

United States Court of Appeals
Fifth Circuit.

March 22, 1961.

Rehearing Denied May 3, 1961.

Crampton Harris, Birmingham, Ala., for appellant.

Edward L. Stahley, Asst. U. S. Atty., Wilfred C. Varn, U. S. Atty., Tallahassee, Fla., for appellee.

Before TUTTLE, Chief Judge, and RIVES and JONES, Circuit Judges.

TUTTLE, Chief Judge.

■ This appeal is taken from the denial by the trial court of appellant's motion to correct a sentence. Since such a motion may be made at any time under Rule 35, F.R.Cr.P., 18 U.S.C.A., we elect to construe the amended motion filed on August 1, 1960, to be a new motion, with the result that an appeal taken from its denial, if filed within ten days, was timely. In the circumstances of this case we find that the notice of appeal was filed in the clerk's office within the time allowed by Rule 37(a) (2), F.R.Cr.P.[1]

Proceeding to the merits, we find we are faced with the difficult question: may the same acts or omissions of a taxpayer under the obligation to pay a gambler's tax subject him to prosecution for two offenses, (1) a wilful attempt "to evade or defeat" the tax, and (2) a wilful failure to "pay over" such tax.

Count 3 of the indictment charged that Reynolds did "knowingly, wilfully and feloniously attempt" to evade and defeat the payment of the excise tax on "certain wagers in the sum of $6592.30, representing 10 per cent of wagers alleged to have been made by him during the month of

---

1. The notice of appeal was mailed in time to be deposited in the post office box of the District Court Clerk's office on the tenth day. This day happened to be a Saturday and the office was closed. We think that this was sufficient to satisfy the requirements of the Rule since it placed the notice within the Clerk's cus-

tody and control. See Ward v. Atlantic Coast Line Railroad Company, 5 Cir., 265 F.2d 75, 80, reversed on other grounds, 362 U.S. 396, 80 S.Ct. 789, 4 L.Ed.2d 820, the case was decided by this Court under Rule 73, F.R.Civ.P., 28 U.S.C.A., the civil counterpart of Rule 37(a) (2), F.R.Cr.P.

October 1953." Count 5 charged that he "did knowingly, wilfully, and feloniously fail to truthfully account for any pay over * * * the excise tax on such wagers [for the same month] in the sum of $6592.30."

Counts 4 and 6 similarly charged Reynolds with infractions of the law with respect to taxes on wagers made by him during the month of November, 1953.

On September 17, 1954, Reynolds was convicted following a trial by jury of the counts described above and of Count 2 of the indictment, not relevant here. He was thereafter sentenced to serve one year on Count 2, three years on Count 3, and three years on Count 4, the sentences to run consecutively. Further, he was fined $7,500 on Count 5 and $5,000 on Count 6. Almost six years later appellant instituted the proceedings which led to this appeal.

The determination of the trial court on appellant's motion was based upon its interpretation of Section 1718(b) of the Internal Revenue Code of 1939, 26 U.S. C.A. § 1718(b), and the question raised as to the correctness of that determination is the only substantial issue remaining before this Court on this appeal. The language of that portion of the Code follows:

> "Any person required under this chapter to collect, account for and pay over any tax imposed by this chapter who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

The precise question for our determination is whether the familiar common law doctrine of merger is applicable to this section of the Code with the result that an attempt to evade the tax merges with a failure to pay the required tax so that a single crime exists under which a defendant may be prosecuted or whether the doctrine is inapplicable and two separate crimes, under either or both of which a defendant may be prosecuted, are established. While both parties to this appeal cite numerous cases in support of their respective positions, none of these is controlling, for this question has never been decided under the section in issue and the positions are merely taken by way of analogy. As was said by the Supreme Court in Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 405, 1 L.Ed. 2d 370, one of the cases relied on, in determining whether the doctrine applied to certain provisions of the Federal Bank Robbery Act, "None of these [cases] is particularly helpful to us because we are dealing with a unique statute of limited purpose and an inconclusive legislative history. It can and should be differentiated from similar problems in this general field raised under other statutes. The question of interpretation is a narrow one, and our decision should be correspondingly narrow." 352 U.S. 325, 77 S.Ct. 403. Thus, while Prince and similar cases, see, e. g., Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed. 2d 407, are authority for the proposition that each statute is unique as to whether there was a Congressional intent "to pyramid the penalties," Prince, supra, 352 U.S. 327, 77 S.Ct. 403, 406, the decisions reached in those cases are not too helpful when we are called upon, as we are here, to determine the same question with respect to a different statute. In this case, as in Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418, "The legislative history of the section contains nothing helpful on the question here at issue, and we must find the answer from the section itself and its context in the revenue laws." 317 U.S. 495, 63 S.Ct. 366.

Bearing in mind the "policy of not attributing to Congress, in the enactment of criminal statutes, an intention to punish more severely than the language

of its laws clearly imports in the light of pertinent legislative history," Prince, supra, 352 U.S. 329, 77 S.Ct. 403, 407, we nevertheless think that in this instance Congress intended to enact separate offenses and that Congress did not intend that an attempt to evade the tax would necessarily merge in the offense of failing to pay the tax. That separateness was intended is made clear not only by the language of the statute but also by the fact that these provisions were subsequently included in the Internal Revenue Code of 1954 as separate sections. See 26 U.S.C.A. §§ 7201, 7202.

We think, moreover, that the decision of the Supreme Court in the Spies case, supra, strongly supports this conclusion. In that case, the Court had before it the question whether proof of a wilful failure to pay the income tax there in issue, which under Section 145(a) was made a misdemeanor, would subject the accused to conviction of wilful attempt to evade or defeat the tax which under Section 145(b) was made a felony. The Court held that the section making criminal a wilful attempt to evade the tax dealt with a different crime than that which made criminal a wilful failure to pay. The Court said:

> "The difference between the two offenses, it seems to us, is found in the affirmative action implied from the term 'attempt' as used in the felony subsection." 317 U.S. at page 498, 63 S.Ct. at page 368.

And further the Court said:

> "We think that in employing the terminology of attempt to embrace the gravest of offenses against the revenues, Congress intended some willful commission in addition to the willful omissions that make up the list of misdemeanors." At page 499, 63 S.Ct. at page 368.

Taking the view we do of this case, it is unnecessary for us to rule upon appellant's contention that the alleged duplication of sentences constituted a denial of his right to due process of law under the Fifth Amendment or the government's

argument in support of the result we have reached that one may be convicted of separate offenses even though the charges arise from a single act or series of acts so long as each requires proof of a fact not essential to the other. Suffice it to say that Congress had the power to enact a statute making such acts separately criminal and that we believe that Congress so acted in this instance. Accordingly, the judgment of the trial court is

Affirmed.