**UNITED STATES of America ex rel. Edgar I. SHOTT, Jr., Relator-Appellant,**

v.

**Dan TEHAN, Sheriff of Hamilton County, Respondent-Appellee.**

No. 15538.

United States Court of Appeals Sixth Circuit.

Nov. 10, 1964.

Thurman Arnold, Washington, D. C. (James F. Fitzpatrick, Arnold, Fortas &

Porter, Washington, D. C., James G. Andrews, Jr., John A. Lloyd, Jr., Cincinnati, Ohio, of counsel), for appellant.

Calvin W. Prem, Cincinnati, Ohio (Raymond E. Shannon, Pros. Atty., Harry C. Schoettmer, Asst. Pros. Atty., Cincinnati, Ohio, on the brief), for appellee.

Before MILLER and CECIL, Circuit Judges, and FOX, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

Appellant, Edgar I. Shott, Jr., a member of the bar of the State of Ohio, was convicted in the state court of a violation of the Ohio Securities Act, generally referred to as the Ohio Blue Sky Law. In the trial at the close of the State's case, appellant's counsel, being of the opinion that the State had not made out a case, did not call appellant as a witness or introduce further evidence, but moved for a directed verdict. The motion was overruled and the case submitted to the jury, which returned a verdict of guilty. Appellant received a sentence of one to five years imprisonment in the state penitentiary.

The judgment was affirmed by both the Ohio Court of Appeals and the Ohio Supreme Court, 173 Ohio St. 542, 184 N.E.2d 213. An appeal to the United States Supreme Court was dismissed, but was treated as an application for writ of certiorari, which was denied. 373 U.S. 240, 83 S.Ct. 1295, 10 L.Ed.2d 409. A petition for rehearing was also denied. 374 U.S. 858, 83 S.Ct. 1865, 10 L.Ed.2d 1082.

Appellant contended in the trial court and on the appeals that the Ohio Blue Sky Law, under which he was convicted, was invalid under the due process clause of the Fourteenth Amendment because it set no ascertainable standard of conduct, required no specific intent, and was so indefinite and vague as to be void. In addition to other defenses, he charged misconduct on the part of the prosecutor in closing argument to the jury in improperly commenting upon the failure of the appellant to testify.

Following the exhaustion of his state remedies, appellant filed the present habeas corpus proceeding in the United States District Court, which, after oral argument, was dismissed by the District Judge, from which order the present appeal was taken. The District Judge entered the necessary Certificate of Probable Cause required by Section 2253, Title 28, United States Code.

The alleged improper comment of the state prosecutor in his closing argument to the jury about appellant's failure to testify raises a constitutional question under the Fifth and Fourteenth Amendments to the United States Constitution, to which we will first direct our attention. We are of the opinion that this issue was properly raised by the present habeas corpus proceeding. Sections 2241–2254, Title 28, United States Code; Rogers v. Richmond, 365 U.S. 534, 540, 81 S.Ct. 735, 5 L.Ed.2d 760; Fay v. Noia, 372 U.S. 391, 420–424, 83 S.Ct. 822, 9 L.Ed.2d 837.; Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751.

Without reviewing the comment of the prosecuting attorney to the jury on appellant's failure to testify, it is sufficient to state that if this case had been tried in the United States District Court for an alleged federal offense, it would have violated appellant's constitutional rights against self-incrimination under the Fifth Amendment to the Constitution of the United States. The right contained in the Fifth Amendment that the accused in a criminal trial in the federal court shall not be compelled to be a witness against himself includes both the right not to testify and the right that such failure to testify shall not be subject of comment by the attorney for the prosecution. Wilson v. United States, 149 U.S. 60, 13 S.Ct. 765, 37 L.Ed. 650; Ing v. United States, 278 F.2d 362, 367, C.A. 9th; De Luna v. United States, 308 F.2d 140, 142–143, 154, C.A. 5th; United States v. Ragland, 306 F.2d 732, 736, C.A. 4th, cert. denied, 371 U.S. 949, 83 S.Ct. 504, 9 L.Ed.2d 498. See also: Johnson v. United States, 318 U.S. 189, 196–197, 63 S.Ct. 549, 87 L.Ed. 704, re-

hearing denied, 318 U.S. 801, 63 S.Ct. 826, 87 L.Ed. 1164; McKnight v. United States, 115 F. 972, 982, C.A. 6th.

■ At the time of the briefing by the parties of this case, their contentions were as follows: Appellee contended that the constitutional right against self-incrimination under the Fifth Amendment is applicable only to trials in the federal courts, and that it is not applicable to trials in the state courts. It was so held in Adamson v. California, 332 U.S. 46, 67 S.Ct. 1672, 91 L.Ed. 1903, rehearing denied, 332 U.S. 784, 68 S.Ct. 27, 92 L.Ed. 367; and Twining v. New Jersey, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97.

Article I, Section 10 of the Constitution of Ohio, provides, in part, as follows:

"No person shall be compelled, in any criminal case, to be a witness against himself; but his failure to testify may be considered by the court and jury and may be made the subject of comment by counsel."

Section 2945.43 of the Revised Code of Ohio contains substantially the same wording.

Appellee relied upon the foregoing Supreme Court decisions and the Ohio constitutional and statutory provisions in support of the right of the State to comment upon the failure of appellant to testify.

Appellant contended that although there is no specific provision in the United States Constitution granting in express words this right to the accused in a criminal trial in a state court, the right is nevertheless guaranteed by the Due Process Clause of Section 1 of the Fourteenth Amendment. He conceded that the Supreme Court had held that the Fourteenth Amendment does not automatically protect against infringement by the State of the rights included in the first eight amendments to the Constitution of the United States, which are protected against infringement by the federal government. Palko v. Connecticut,

302 U.S. 319, 323–324, 58 S.Ct. 149, 82 L.Ed. 288; Knapp v. Schweitzer, 357 U.S. 371, note 5 at p. 378, 78 S.Ct. 1302, 2 L.Ed.2d 1393, rehearing denied, 358 U.S. 860, 79 S.Ct. 12, 3 L.Ed.2d 95. It was also recognized that the Supreme Court had specifically ruled that the privilege against self-incrimination granted by the Fifth Amendment was not safeguarded against state action by the Fourteenth Amendment. Twining v. New Jersey, supra, 211 U.S. 78, 29 S.Ct. 14; Adamson v. California, supra, 332 U.S. 46, 67 S.Ct. 1672; Cohen v. Hurley, 366 U.S. 117, 127–128, 81 S.Ct. 954, 6 L.Ed.2d 156, rehearing denied, 374 U.S. 857, 83 S.Ct. 1860, 10 L.Ed.2d 1083; Knapp v. Schweitzer, supra, 357 U.S. 371, 374–375, 78 S.Ct. 1302. Appellant's argument was that recent decisions of the Supreme Court indicated that the ruling with respect to self-incrimination would be reconsidered and that the Court would rule that the Fifth Amendment's exception from compulsory self-incrimination is also protected by the Fourteenth Amendment against abridgment by the states.

On June 15, 1964, the day before the oral argument of this appeal, the Supreme Court in Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653, reconsidered its previous rulings and held that the Fifth Amendment's exception from self-incrimination is also protected by the Fourteenth Amendment against abridgment by the states.

Appellee points out in a supplemental brief that in the Malloy case the accused was punished for contempt of court for refusing to answer questions on the ground that it might tend to incriminate him, while in the present case the appellant was not called upon to testify or to answer any questions. We find no merit in this factual distinction. As pointed out hereinabove, the protection against self-incrimination under the Fifth Amendment includes not only the right to refuse to answer incriminating questions, but also the right that such refusal shall not be commented upon by counsel for the prosecution.

The ruling in the Malloy case is controlling. Bush v. Orleans Parish School Board, 188 F.Supp. 916, E.D.La., affirmed, 365 U.S. 569, 81 S.Ct. 754, 5 L.Ed.2d 806.

The order of the District Court is set aside and the case remanded to the District Court for further proceedings consistent with the views expressed herein.