THE STATE OF OHIO, APPELLEE, *v.* WEBB, APPELLANT.

(No. 40451—Decided June 28, 1967.)

*Mr. Lee C. Falke*, prosecuting attorney, for appellee.
*Mr. Gerald A. Messerman*, for appellant.

*Per Curiam.* Although *Douglas* v. *California* (1963), 372 U. S. 353, was decided after the judgment in the instant case became final, an indigent's right to court-appointed counsel at state expense on an appeal as of right is retrospective. *Anders* v. *California*, 35 L. W. 4385 (May 8, 1967); and *Smith* v. *Crouse, Warden* (1964), 378 U. S. 584 (192 Kan. 171, 386 P. 2d 295).

In *State* v. *Catlino* (1967), 10 Ohio St. 2d 183, the incarcerated convict, acting diligently but without counsel, did not file his notice of appeal as of right with the Court of Appeals

within the statutory time. In the opinion by Taft, C. J., it is stated, at page 184, that:

"If the prisoner had not been denied his right to counsel, he would have had a reasonable opportunity to file his notice of appeal within the time limited by statute * * *."

Paragraph two of the syllabus of *Catlino* states:

"In the absence of a judicial determination that a prisoner knowingly and intelligently waived his right to counsel on an appeal to the Court of Appeals from his judgment of conviction, the judgment of the Court of Appeals either dismissing the appeal or affirming the judgment of conviction will not amount to an adjudication of any claims of error that were or could have been raised on that appeal." *Cf. State v. Perry* (1967), 10 Ohio St. 2d 175.

We then reversed Catlino's judgment of conviction and remanded the cause, so that the Court of Appeals could grant Catlino's motion for leave to appeal.

In the instant case, the appellant too was diligent, for he delivered his notice of appeal to the proper prison authorities four days before the time for appeal elapsed. Because of the "Received" stamp on the notice document, it was evident to the Court of Appeals that the notice had been delivered to the proper prison authorities before the appeal time had elapsed.

In such an instance, the indigent, but diligent, appellant is not required to show probable error to overcome the presumption of regularity of the proceedings under which he was sentenced. Otherwise, such an appellant, because indigent, would be in a less advantageous position than a nonindigent who, with counsel, would have a reasonable opportunity to file his notice of appeal within time. See *Anders v. California, supra.*

Therefore, the judgment of the Court of Appeals is reversed and the cause is remanded to the Common Pleas Court for further proceedings.

*Judgment reversed.*

Taft, C. J., Zimmerman, Matthias, O'Neill, Herbert, Schneider and Brown, JJ., concur.