Edward J. MITCHELL, Petitioner-Appellee,

v.

William D. SALISBURY, Superintendent, Chillicothe Correctional Institution, Respondent-Appellant.

No. 20891.

United States Court of Appeals, Sixth Circuit.

June 4, 1971.

Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellant; Paul W. Brown, Atty. Gen., Columbus, Ohio, on brief.

James R. Jeffery, Louis J. Hattner, Toledo, Ohio, on brief for petitioner-appellee.

Before PHILLIPS, Chief Judge, and McCREE and KENT, Circuit Judges.

PER CURIAM.

The petitioner-appellee filed an application for writ of habeas corpus to test the legality of his present confinement in the Chillicothe (Ohio) Correctional Institution. After a full evidentiary hearing the United States District Judge entered an order requiring the Lucas County Court of Appeals to permit petitioner to perfect a direct appeal, to furnish the petitioner with counsel and a trial transcript, and further required that the foregoing be done within 90 days from the date of the order or the petitioner should be released from custody. The respondent appeals.

■ Briefly, the facts as found by the District Court show that on October 10, 1963, petitioner was sentenced to life imprisonment after having been found guilty by a jury of murder in the first degree. After denial of his motion for new trial he was taken to the Ohio Penitentiary and started serving his sentences on October 17, 1963. Petitioner claimed in the District Court that after arriving at the penitentiary he decided that he desired to take an immediate appeal. He claims, and the District Court found, that the petitioner wrote a letter stating his desire to appeal and delivered it to the proper prison official for mailing. Petitioner claims, and the District Court found, that Captain Thompson, now deceased, who was in charge of the prison library and who was designated by prison authorities as the proper person to receive such letters, took the pleading (claim of appeal) and tore it up, informing the petitioner that it was not proper. The District Court concluded that the letter written by the pe-

titioner, stating his desire to appeal and the delivery of that letter to the officer in charge of the prison library for mailing, was sufficient to constitute a notice of appeal. State v. Webb, 11 Ohio St.2d 60, 227 N.E.2d 625 (1967). This Court is satisfied that the District Judge's findings are not clearly erroneous. Rule 52, Fed.R.Civ.P., 28 U.S.C.A.

The finding and conclusion of the District Court that the letter, above referred to, constituted a notice of Appeal is affirmed.

■ Although we agree with the conclusions reached by the District Judge, we do not approve of the form of the order entered in the District Court. This order directed the Lucas County Court of Appeals, an intermediate appellate court of the State of Ohio, to take specific action with respect to a direct appeal by petitioner-appellee. This kind of order is not necessary to the legitimate ends of habeas corpus jurisdiction of the federal district courts and does not reflect or promote the judicial harmony between State and Federal courts which is so necessary to a solution to the many problems confronting the entire judiciary.

The order of the District Court is modified to read as follows:

"For the reasons stated in an opinion filed in the above entitled case on June 26, 1970, good cause therefor appearing, it is concluded that the petitioner was denied an appeal as a matter of right as a result of the actions of state officials and that under Ohio law as set forth in State v. Webb, 11 Ohio St.2d 60, 227 N.E.2d 625 (1967), petitioner in fact did file a timely notice of appeal on or about October 30, 1963, by depositing a letter notice of intent to appeal with the proper prison authority.

"Accordingly, it is ORDERED that the writ of habeas corpus issue ninety days after the issuance of the mandate by the Court of Appeals affirming this order, and that petitioner be released from custody, unless within

such ninety day period State officials initiate action for a new trial of petitioner or unless he is permitted to perfect his direct appeal to the Lucas County Court of Appeals under the notice of appeal undertaken by him to be filed, with a trial transcript furnished him at State expense and with the assistance of court-appointed counsel. If State officials initiate action for a new trial, or in event petitioner is permitted to prosecute his direct appeal in the State courts as herein provided, it is ORDERED that no writ of habeas corpus shall issue."

Modified and affirmed.