**Anthony BRILL, Petitioner-Appellee,**

**v.**

**W. D. SALISBURY, Supt., Chillicothe Correctional Institution, Respondent-Appellant.**

**No. 71–1449.**

United States Court of Appeals, Sixth Circuit.

March 27, 1972.

Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, William J. Brown, Atty. Gen. of Ohio, Columbus, Ohio, on brief, for appellant.

John J. Callahan (Court Appointed), Toledo, Ohio, for appellee.

Before WEICK and CELEBREZZE, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

WEICK, Circuit Judge.

Petitioner Brill was convicted in the Court of Common Pleas of Lucas County, Ohio, by a jury, on November 12, 1963, on an indictment which charged him and two accomplices with armed robbery and auto theft. He was sentenced on November 15, 1963, to an indeterminate sentence of 10 to 25 years in the Ohio State Penitentiary.

Four years and five months later petitioner filed with the Sixth Appellate District Court of Appeals, Lucas County, Ohio, a motion for leave to file a delayed appeal, which motion the court granted on July 19, 1968, heard the appeal on oral arguments, and affirmed the judgment on November 13, 1968, just one day more than five years after his conviction by the jury. The Supreme Court of Ohio dismissed his appeal filed as of right, and on June 18, 1969 overruled his motion for leave to appeal.

The following year, on June 5, 1970, petitioner filed in the District Court an application for a writ of habeas corpus, which application was submitted on briefs, and on April 4, 1971 the District Court handed down a memorandum opinion and order, 326 F.Supp. 457, setting aside the 1963-conviction and ordering the release of petitioner "unless the State institutes retrial proceedings within 60 days of this date." The state appealed therefrom to this Court. We reverse.

On June 16, 1963, in the evening, two officers of the Toledo Police Department approached a parked automobile in which petitioner and his accomplices were seated. One of the officers asked the driver for her driver's license. Petitioner jumped out of the car with gun in hand and grabbed an officer while his accomplice threatened to shoot the other officer unless he dropped his gun. The officer complied, and both officers were then relieved of their guns and handcuffs. The defendants then attempted to lock the officers in the trunk of the police car, but the lid could not be closed. The officers were then handcuffed to a tree, and the defendants departed. Later the same day they disarmed another officer in Perrysburg, Ohio, and they were finally captured in Lima, Ohio, after a running gun battle with the police.

The basis for the decision of the District Court was that it was prejudicial error for the prosecuting attorney in his argument to the jury to make his comment (one comment only made) on the failure of the petitioner to take the witness stand. The Court applied the rule in Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (decided April 28, 1965), although no direct appeal in the present case was pending at the time *Griffin* was announced, as required for retroactive application by U. S. ex rel. Shott v. Tehan, 382 U.S. 406, 409, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966) fn. 3.

Since 1912, when Ohio at a Constitutional Convention, amended its Constitu-

tion, Article I Section 10 has provided in pertinent part as follows:

"No person shall be compelled, in any criminal case, to be a witness against himself; but his failure to testify may be considered by the court and the jury and may be made the subject of comment by counsel."

At the time the criminal case was tried in the state court in 1963, it was perfectly proper for counsel to comment on defendant's failure to testify.

In Shott v. Tehan, 337 F.2d 990 (6th Cir. 1964), this Court set aside a state court conviction because of a comment made by the prosecutor on the failure of the defendant to take the witness stand. We relied on Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964), which reconsidered previous rulings and extended the Fifth Amendment to the states, by application of the Fourteenth Amendment. The Supreme Court reversed in United States ex rel. Shott v. Tehan, 382 U.S. 406, 86 S.Ct. 459, 15 L. Ed.2d 453 (1966), holding that *Griffin* was not to be given retrospective application. In 382 U.S. footnote 3 on page 409, 86 S.Ct. on page 461, Mr. Justice Stewart, who wrote the opinion for the Court, stated:

"Nor is there any question of the applicability of the *Griffin* rule to cases still pending on direct appeal at the time it was announced. *Cf.* O'Connor v. Ohio, ante [382 U.S.] p. 286 [86 S.Ct. 445]."

At the time *Griffin* was announced, Brill had pending no direct appeal, delayed appeal, or any other kind of appeal.

In Ohio, an appeal *as of right* must be filed within thirty days after conviction. A *delayed* appeal can be filed only with leave of court (Ohio Rev.Code § 2953.05). Post-conviction proceedings are provided for in Rev.Code § 2953.21–2953.24, and habeas corpus proceedings in Rev.Code § 2725.02. The Supreme Court of Ohio has original ju-

risdiction on habeas corpus. Article IV Sec. 2, Ohio Constitution.[1]

Ohio Revised Code § 2953.05 provides:

"Appeal under section 2953.04 of the Revised Code, may be filed as a matter of right within thirty days after judgment and sentence or from an order overruling a motion for a new trial or an order placing the defendant on probation and suspending the imposition of sentence in felony cases, whichever is the latter. Appeals from judgments or final orders as above defined in magistrate courts shall be taken within ten days of such judgment or final order. After the expiration of the thirty day period or ten day period as above provided, such appeal may be taken only by leave of the court to which the appeal is taken. An appeal may be taken to the supreme court by giving notice as provided by law and rule of such court within thirty days from the journalization of a judgment or final order of the court of appeals in all cases as provided by law."

The granting of a delayed appeal is discretionary with the Court of Appeals. Leave to appeal will be granted ordinarily where the appellant advances a "valid reason for not instituting the appeal more promptly," and has "valid objections" to the judgment of conviction. Knox v. Maxwell, 277 F.Supp. 593 (N. D.Ohio, 1967); State v. Steel, 199 N.E. 2d 24 (Ohio App.1964); Perry v. Maxwell, 175 Ohio St. 369, 195 N.E.2d 103 (1963); State v. Kramer, 127 N.E.2d 61 (Ohio App.1953).

When leave to appeal has been granted, the appellant is entitled to have counsel appointed for him and a transcript provided at state expense, the same as an appellant on direct appeal. State v. Williams, 11 Ohio St.2d 236, 228 N.E.2d 297 (1967).

In his motion for leave to file a delayed appeal petitioner alleged that

---

1. An appeal from a federal conviction must be filed within ten days after the entry of judgment. The time limitation may be extended by the Court only 30 days, for excusable neglect. Rule 4(b) Fed.R. App.P.

shortly after his incarceration at the penitentiary he prepared notices of appeal for himself and his co-defendants and submitted them to a Notary Public at the penitentiary to be notarized and forwarded to the Ohio Appellate Court. He further alleged that in June, 1967, he learned that none of the papers had been filed with the Court of Appeals, and that the papers were found only after the notary public had left the staff of the penitentiary.

These allegations of the petitioner, which the state says were "self-serving," were accepted at face value by the state Appellate Court, and his motion for leave to appeal was granted. However, the state Court of Appeals, after hearing oral arguments, affirmed the judgment holding:

> ". . . [T]he time for the availability of a direct review as a matter of right in the Ohio courts and for filing a petition for certiorari to the United States Supreme Court had elapsed before the date of the decision in Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, decided on April 28, 1965, and that defendant-appellant had sought leave to appeal only after the time for an appeal as of right had expired for more than four years and five months. (See Tehan v. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 and O'Connor v. Ohio, 382 U.S. 286, 86 S.Ct. 445, 15 L.Ed.2d 337) ; . . ."[2] (App. 42a)

We can hardly accept petitioner's claim that it was not until June, 1967, that he discovered that the appeal-papers had not been filed. These were the papers which he claims he left with the prison Notary Public in December, 1963. Such a claim would be reasonable if only a short delay had ensued; but even after he made the alleged discovery in 1967, he did not attempt to appeal until the following year.[3]

During the years which followed petitioner's 1963—conviction in the state court he was silent, and it was not until 1968 that he filed a motion for leave to appeal. A good inference may be drawn that he was motivated by the decision in Griffin. He has attempted to circumvent the decision in Shott.

We need not speculate on what would have happened if petitioner in 1963 had filed an appeal as of right within the thirty-day-time limit, or what issues he would have raised, or how or when they would have been decided by the appellate courts. The fact is that no appeal as of right was ever filed.

Nor do we follow petitioner's argument that his conviction had not become final. Even though the time had expired for filing an appeal as of right, his conviction was subject to a delayed appeal or to a collateral attack by post-conviction proceedings, and perhaps in that sense no conviction can become final until either the prisoner is released from custody, or dies; but it cannot be gainsaid that he had pending no direct or delayed appeal at the time Griffin was decided.

In view of our disposition of the appeal, it is not necessary for us to pass upon the state's claim of harmless error.

The judgment of the District Court is reversed.

---

2. It is obvious from this language that the state Appellate Court did not regard the appeal as pending at the time Griffin was announced; nor should we so regard it.

3. See e. g., Williams v. United States, 88 U.S.App.D.C. 212, 188 F.2d 41 (1951), where a communication addressed to the Clerk of the District Court indicating an intention to appeal, was delivered timely to the prison notary public and by him handed to the United States Marshal, and was filed with the Clerk one day late.