Edward J. MITCHELL, Petitioner-Appellee,

v.

Frank H. GRAY, Superintendent, Chillicothe Correctional Institution, Respondent-Appellant.

No. 73-1538.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 26, 1973.

Decided March 19, 1974.

Edwards, Circuit Judge, dissented and filed opinion.

Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellant; William J. Brown, Atty. Gen., Columbus, Ohio, on brief.

John J. Callahan (Court appointed), Openlander, Callahan & Connelly, Toledo, Ohio, for petitioner-appellee.

Before WEICK, EDWARDS and LIVELY, Circuit Judges.

WEICK, Circuit Judge.

The state has appealed from an order of the District Court granting a writ of habeas corpus to petitioner who had been convicted by a jury in the state court of murder in the first degree, in 1963.

In the prior appeal of this case we modified the order of the District Court by providing that the State of Ohio release petitioner unless within a period of ninety days—

> . . . State officials initiate action for a new trial of petitioner or unless he is permitted to perfect his direct appeal to the Lucas County Court of Appeals under the notice of appeal undertaken by him to be filed, with a trial transcript furnished him at State expense and with the assistance of court-appointed counsel. (Mitchell v. Salisbury, 443 F.2d 324, 326 (6th Cir. 1971))

After the remand, petitioner filed a notice of appeal on December 27, 1971, in the Common Pleas Court of Lucas County, Ohio, to appeal from his 1963 conviction. The State Court of Appeals complied with our directions and on January 4, 1972 it appointed counsel for petitioner and provided him, at State expense, with a transcript of evidence taken at the 1963 trial.

The State Court of Appeals then considered petitioner's appeal as a direct appeal, as required by our decision, and it found that there was ample evidence to sustain the jury's finding of guilty beyond a reasonable doubt, and that the jury's verdict was sustained by sufficient evidence.

The State Appellate Court further held that if the rule in the subsequent 1965 decision of the Supreme Court in Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), was to be applied to petitioner's 1963 conviction, it was error for the prosecuting attorney to comment on, and for the trial judge to instruct on, the failure of petitioner to testify.

The State Appellate Court recognized our decision in the prior appeal, in which opinion we approved findings of fact of the District Court that in December, 1963, petitioner had delivered a letter to a prison official now deceased, who allegedly tore up the letter, and that this constituted a notice of appeal. This appeal was not a matter of record in the Courts of Ohio prior to Griffin. As a matter of fact it did not become a matter of record in the Ohio courts until January 4, 1972, when petitioner filed his notice of appeal in the Common Pleas Court of Lucas County, Ohio.

The State Appellate Court interpreted the language of the Supreme Court "still pending on direct review" in Tehan v. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L. Ed.2d 453 (1966), "in the usual meaning of this phrase and applied only to cases on review as a matter of record in the court." The Court noted that petitioner, for many years after his conviction, had not taken any of the steps prescribed by Ohio law, to perfect his alleged appeal. As a matter of fact, in 1968 he filed a motion for a delayed appeal in the same State Court of Appeals but did not disclose to that Court, nor to his appointed counsel, the alleged incident in 1963 of his delivery to the prison official of a so-called letter of appeal.

Had he made such disclosure at that time, the State Court of Appeals would have had opportunity to determine the facts.

In our judgment petitioner was not denied any constitutional right when Ohio followed the directions of this Court and granted him an appeal and when the Appellate Court determined that his failure to pursue his appeal with diligence foreclosed him from relying on Griffin v. California, as applied in Tehan v. Shott. Brill v. Salisbury, 457 F.2d 144 (6th Cir. 1972). *Cf.*, United States v. Black, 480 F.2d 504 (6th Cir., decided June 15, 1973); Williams v. United States, 88 U.S.App.D.C. 212, 188 F.2d 41 (1951); State v. Webb, 11 Ohio St.2d 60, 227 N.E.2d 625 (1967).

The State has prescribed the appellate procedure for its Courts and ought to have the right to determine whether such procedure has been followed.

We ought not to sanction a rule which would permit the circumvention of Tehan v. Shott by an alleged verbal appeal of which there was no record in the Ohio courts until many years after conviction.

The State had no way of controverting petitioner's claim of delivery of an alleged letter of appeal to a prison official who was deceased.

The granting of the writ by the District Court in the present case will require the retrial of petitioner, twelve years after the offense was committed. His trial in the State Court was free from any error under the state law as it existed at the time, the constitutionality of which law had been approved by the Supreme Court of the United States for fifty-seven years. Tehan v. Shott, *supra*. A retrial now may result in the release of a convicted murderer in the event that the State is unable to produce the eighteen witnesses who testified at the trial, or if their memories are not as good as they were in 1963.

At his trial petitioner rested at the close of the State's evidence, without offering any evidence to contradict the state's witnesses.

Reversed.

EDWARDS, Circuit Judge (dissenting).

It seems to me that Ohio has sought to evade the intent of this court in its first treatment of this case. *See* Mitchell v. Salisbury, 443 F.2d 324 (6th Cir. 1971).

I would affirm for the reasons fully set out in the opinion of the District Court.