82 F.3d 418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James H. THOMAS, Petitioner-Appellant,
v.
Shirley A. ROGERS, Respondent-Appellee.
 No. 95-3604.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1996.
 
 Before: MERRITT, Chief Judge: MILBURN, Circuit Judge, and ZATKOFF, District Judge.*
 
 ORDER
 
 1
 James H. Thomas, a former Ohio state prisoner, requests the appointment of counsel and appeals a district court order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1969, a jury convicted Thomas of first degree murder. He was sentenced to life imprisonment. The Ohio Court of Appeals affirmed his conviction in 1971, and Thomas failed to perfect an appeal of that decision to the Ohio Supreme Court. Over the years, he filed numerous post-conviction attacks on his custody in the state courts. He also filed a previous federal habeas petition relating to this conviction, which was dismissed without prejudice for failure to exhaust state court remedies. In 1993, Thomas moved for a delayed appeal in the Ohio Supreme Court, citing the 1971 affirmance of his conviction. He did not indicate what issues he wished to raise. The Ohio Supreme Court denied the motion for delayed appeal on January 12, 1994.
 
 
 3
 In this habeas petition, Thomas raised four claims. The matter was referred to a magistrate judge who recommended that the petition be dismissed. The district court adopted this recommendation over the objections filed by Thomas. During the pendency of the action below, Thomas was released on parole. He now appeals, arguing that he did not fail to exhaust state remedies, procedurally default, or abuse the writ. He also raises the merits of one of his claims, contending that the holding of Batson v. Kentucky, 476 U.S. 79, 89 (1986), should be applied to his case and overturn his conviction on the ground that the prosecutor struck blacks from the jury.
 
 
 4
 Upon review, we first note that Thomas has waived review of all but his Batson claim, by failing to raise the remainder of his issues on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). We also are not concerned with whether Thomas exhausted his state remedies, procedurally defaulted or abused the writ. We agree with the district court that, in the interest of judicial efficiency, any procedural problems should be overlooked and the merits of the claim reviewed. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987).
 
 
 5
 Thomas argues that the holding of Batson should be applied retroactively to his case because it was not final at the time Batson was decided, citing Griffith v. Kentucky, 479 U.S. 314, 316 (1987). He maintains that his conviction was not final until the Ohio Supreme Court denied his motion for a delayed appeal in 1994. On the contrary, however, the conviction in this case became final in 1971, when the time for perfecting an appeal to the Ohio Supreme Court expired. Although the conviction was still subject to a delayed appeal, none was pending at the time that Batson was decided. See Brill v. Salisbury, 457 F.2d 144, 147 (6th Cir.1972).
 
 
 6
 As the only claim presented on appeal is without merit, the request for counsel is denied and the district court's order dismissing this petition is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation